OPINION
This appeal is brought by Shawn Newberry from the judgment of the Court of Common Pleas, Allen County, sentencing him to five years with the Ohio Department of Rehabilitation and Corrections.
The record presents the following facts. On August 15, 2001 an anonymous caller informed the Wapakoneta Police Department that an armed robbery was about to occur at an area Taco Bell restaurant. The police traced the call to a local address and dispatched an officer to that location where they were able to ascertain that the defendant-appellant Shawn Newbury and two other males were planning to rob the Wapakoneta Taco Bell restaurant just before 11p.m. According to the informant, the plan was for two people to enter the Taco Bell, "knock-out" the employees, bind them with tape and lock them in coolers, steal money from the registers or safe and then return to Industrial Drive to be picked up by a third person. The informant further told the police that the prospective robbers had a gun and that they would be traveling in either a green Geo Tracker or a gray pick up truck.
Shortly thereafter, a deputy sheriff spotted a green Geo Tracker traveling northbound on Industrial Drive in Wapakoneta and proceeded to pull the vehicle over. The occupants, identified as three high school aged juveniles and the defendant-appellant Shaun Newberry, were told to exit the vehicle and were then separated. One of the occupants, a juvenile, admitted to police that the group had indeed planned to rob the Taco Bell in Wapakoneta and explained that Newberry and another juvenile were dropped off in the parking lot of the Super 8 Motel as planned. However, when Newberry and his accomplice returned, they said that the robbery had not occurred because the back door to the restaurant was locked.
An inventory of the Geo Tracker revealed a large knife, a 25 caliber weapon with six rounds in the clip, a black stocking cap, a red stocking cap, a purple stocking cap, brown corduroy pants, a pair of black socks, a hooded sweatshirt, two rolls of wide clear tape and a long metal pipe.
On August 23, 2001, defendant-appellant Newberry was indicted and plead not guilty to the following charges: conspiracy to commit aggravated robbery, a violation of R.C. 2923.01 R.C. 2911.01(A)(2); robbery with weapons specification, a violation of R.C. 2911.02(A)(1); carrying a concealed weapon, a violation of R.C. 2923.12(A); and possession of criminal tools, a violation of 2923.24(A). On October 4, 2001, the State agreed to drop the charges and in exchange, Newberry plead guilty to an amended charge of conspiracy to commit robbery in violation of R.C. 2923.01
and R.C. 2911.02; a felony of the third degree. On November 28, 2001 the trial court sentenced Newberry to a five-year prison term, the maximum term available.
Appellant raises the following assignments of error:
 The trial court committed error in sentencing Defendant-Appellant to the maximum term of imprisonment where the mitigating factors outweighed the aggravating factors.
Appellant's sole argument on appeal is that the trial court's imposition of the maximum sentence for conspiracy to commit burglary, based on a finding that defendant-appellant Newberry posed the greatest likelihood of committing future offenses, was not supported by clear and convincing evidence in the record. We do not find Appellant's argument to be well taken.
The general purpose of sentencing is to punish the offender while protecting the public from future offenses. R.C. 2929.11. Accordingly, when sentencing a defendant who has been convicted of a felony, the trial court must evaluate the factors set forth in 2929.12(B) and (C) relating to the "seriousness of the conduct." The court must also evaluate the factors set forth in 2929.12(D) and (E) relating to the "likelihood of the offender's recidivism." R.C. 2929.12; State v. Gibson (Oct. 22, 2001), Auglaize App. No. 2-01-15, unreported.
An appellate court is to review the propriety of a trial court's felony sentencing decisions and substitute its judgment only upon finding clear and convincing evidence that the record does not support the sentencing court's findings or is otherwise contrary to law. R.C. §2953.08(G)(2)(a); State v. Martin (1999), 136 Ohio App.3d 355, 361. Furthermore, as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society, the trial court is in the best position to make the fact-intensive evaluations required by the sentencing statutes. Id.
In order to impose the maximum penalty authorized by the felony sentencing guidelines, the sentencing court must find one of the following on the record: 1) the offender has committed the worst form of the offense; 2) the offender possesses the greatest likelihood of committing future crimes; 3) the offender is a drug offender under 2929.14(D)(3) or 4) the offender is a repeat violent offender in accordance with 2929.14(D)(2). R.C. 2929.14(C). State v. Agner (1999),135 Ohio App.3d 286; State v. Edmondson (1999), 86 Ohio St.3d 324. See also R.C. 2929.19(B)(2)(d).
In the case at bar, the trial court determined that the defendant-appellant posed the greatest likelihood of committing future crimes. The record reflects that at the sentencing hearing, the trial court considered each of the recidivism factors listed in 2929.12(D) to include:
 At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to * * * the Revised Code, or under post-release control * * *"
 The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 The offender shows no genuine remorse for the offense.
Of the five considerations listed in 2929.12(D), the trial court found the following four to apply to the defendant-appellant: 1) Newberry had previously been adjudicated a delinquent child for aggravated burglary; 2) Newberry was not satisfactorily rehabilitated after having been previously adjudicated a delinquent child; 3) Newberry showed no remorse for his actions or concern for the possible injury he could have caused. 4) Newberry had a drug problem and purchased drugs from gang members.
Newberry does not deny these findings as stated by the trial court, but rather argues that trial court failed to consider mitigating factors as evidenced by the court's statement, "There are no grounds to mitigate the conduct of the offender." According to 2929.12(E) trial courts should consider the following factors, in addition to any other relevant factors, that would indicate that the offender is not likely to commit future crimes:
 Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 The offense was committed under circumstances not likely to recur.
According to Newberry, the trial court failed to consider mitigating factors such as his lack of a prior adult record, the completion of his G.E.D. while awaiting disposition in the current case, his participation in Bible Study and drug and alcohol counseling and if released he would attend the University of Northwest Ohio on a scholarship. Newberry additionally points out that his juvenile adjudication occurred when he was 14 and that he successfully completed probation. Finally, Newberry points out that he did not carry out the offense as planned and that he cooperated fully with police.
We are not convinced that the trial court failed to consider mitigating factors. Rather, our review of the record reveals that the trial court and the defendant-appellant discussed the latter's scholarship, his former juvenile record, and his involvement with drugs and gangs. Newberry admitted to dropping out of high school after he won his scholarship, discrediting his claim that his future education plans would prevent him from committing crime. Newberry admitted to smoking marijuana every day for several years, to purchasing drugs from gang members, and admitted to associating with people who considered themselves gang members. Newberry was adjudicated delinquent at the age of 14 for participating in a theft related offense. The current charges indicate that regardless of how long ago that was, the punishment did not rehabilitate him. The absence of an adult criminal record does little to mitigate his recidivism rating since at the time of the current offense, Newberry was only 18 years old. Also, the trial court noted that the only reason the crime did not occur was because the door to the restaurant was locked.
Finally, the pre-sentence investigation report mirrors the findings of the trial court, finding a greater likelihood than not that Newberry will reoffend. The report indicates that Newberry was not willing to take his crime seriously nor was he willing to address his substance abuse problems, factors that contradict his testimony at the sentencing hearing.
In conclusion, the record does not support Newberry's claim that the trial court failed to consider mitigating factors when it concluded the he posed the greatest likelihood of committing future crimes. On the contrary, we find the trial court's findings to be supported by clear and convincing evidence in the record. Therefore, we cannot disturb the imposition of the maximum sentence. That we may have sentenced the defendant otherwise is not grounds for disturbing the judgment of the trial court. The defendant-appellant's sole assignment of error is overruled.
For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Allen County is AFFIRMED.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.